UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIAMOND SHOPPE JEWELERS, LLC, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) No. 4:18CV1830 RLW |
| FEDERAL MUTUAL INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss and Memorandum of Law in Support filed by Defendant Federated Mutual Insurance Company ("Federated"). (ECF No. 8) Federated filed its motion on December 3, 2018. Pursuant to Local Rule 7-4.01, Plaintiffs Diamond Shoppe Jewelers, LLC, Jeffrey Politte, and Gary Wagner (collectively referred to as "Plaintiffs") had seven days in which to file a response. They have yet to respond. On January 31, 2019, the Court issued an Order for Plaintiffs to show cause in writing and no later than February 14, 2019 as to why they had not responded to Federated's motion. The Court warned Plaintiffs that failure to do so would result in the Court ruling on the unopposed motion and could result in the Court dismissing their case in its entirety for failure to prosecute their case. Plaintiffs failed to submit a response to the Court's show cause order. Consequently, the Court now considers Federated's Motion to Dismiss unopposed.

## BACKGROUND[1]

Plaintiffs Jeffrey Politte and Gary Wagner operated Diamond Shoppe Jewelers, LLC, located in St. Peters, Missouri. They allege Federated failed to compensate them in accordance with an insurance policy for losses suffered after a burglary that occurred in April 2016. Plaintiffs sued Federated in state court for vexatious refusal to pay, seeking "$120,999.45 pre- and post-judgment interest, attorneys' fees, and a penalty of 20% of the first $15,000.00 of loss and 10% of the amount in excess of $15,000.00." (ECF No. 4) Federated removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[2]

On December 3, 2018, Federated filed the instant Motion to Dismiss and Memorandum of Law in Support. (ECF No. 8) Pursuant to Local Rule 4.01(B), Plaintiffs had seven days within which to file any opposition memorandum. On January 31, 2019, the Court issued an Order for Plaintiffs to show cause in writing and no later than February 14, 2019 as to why they had not responded to Federated's motion. (ECF No. 9) Plaintiffs failed to submit a response to the Court's show cause order or otherwise take any action in this case after it was removed to federal court despite being represented by counsel.[3]

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

[2] After Plaintiffs filed this action in state court and before this action's removal, Federated filed a separate declaratory action in this Court related to the same dispute: *Federated Mutual Insurance Co. v. Diamond Shoppe Jewelers, LLC*, No. 4:18CV1321 RLW. Diamond Shoppe Jewelers was served in the separate declaratory action but never had counsel enter an appearance or responded to the complaint. Federated (who is the plaintiff in the declaratory action) has filed a motion for default judgment against Diamond Shoppe Jewelers, which the Court granted on this same day.

[3] The Court notes that Plaintiffs' counsel who filed the state court action was enrolled as a member of this Court's bar at some time; however, his registration has since lapsed. Plaintiffs' counsel was clearly aware of the case's removal because he consented to Federated's Motion for Extension of Time (ECF No. 6), which the Court granted on November 2, 2018 (ECF No. 7).

- 2 -

## LEGAL STANDARD

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## DISCUSSION

Under Missouri's vexatious refusal statute, a court or jury in a case against an insurance company may award damages in addition to the plaintiff's proven loss under the policy "if it appears from the evidence that such company has refused to pay such loss without reasonable

---

Nevertheless, it was counsel's duty to either seek admission under Local Rule 12.01 after the case was removed or ensure substitution of counsel.

cause or excuse." Mo. Rev. Stat. § 375.420. "A claim of vexatious refusal to pay requires proof (1) of an insurance policy, (2) of the insurer's refusal to pay and (3) that the insurer's refusal was without reasonable cause or excuse." *D.R. Sherry Const., Ltd. v. Am. Family Mut. Ins. Co.*, 316 S.W.3d 899, 907 (Mo. 2010) (en banc) (citing *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 456-57 (Mo. 2006) (en banc)).

Federated argues Plaintiffs' petition fails to state a claim upon which relief can be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6). Specifically, Federated argues Plaintiffs have failed to allege facts supporting their claim that they are entitled to coverage under the insurance policy. Further, they have not requested a finding of coverage or that Federated breached the insurance policy. Rather, Federated states Plaintiffs have alleged bare legal conclusions that the Court should disregard when considering the instant motion to dismiss. *See Iqbal*, 556 U.S. at 679.

The Court agrees that Plaintiffs have failed to state a claim upon which relief can be grated and dismisses Plaintiffs' claim for vexatious refusal to pay. In addition to stating mere legal conclusions, Plaintiffs have not asserted a separate underlying claim for breach of the insurance policy or pleaded sufficient facts to establish such a contract as they have failed to allege any facts relating to the terms of the insurance policy or its performance. *See generally Smith Flooring, Inc. v. Pennsylvania Lumbermens Mut. Ins. Co.*, 713 F.3d 933, 941 (8th Cir. 2013) (quoting *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010) (en banc) ("Under Missouri law, '[a] breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff.'").

Additionally, the Court previously warned Plaintiffs in the January 31, 2019 Order that failure to timely respond could result in the Court dismissing their case in its entirety for failure to prosecute their case. Therefore, in addition to dismissing the case under Rule 12(b)(6) for failure to state a claim, the Court also dismisses the case for Plaintiffs' failure to prosecute and otherwise comply with the Court's directives. E.D.Mo. L.R. 8.01.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Federated Mutual Insurance Company's Motion to Dismiss and Memorandum of Law in Support in this case (ECF No. 8) is **GRANTED** and Plaintiffs Diamond Shoppe Jewelers, Jeffrey Politte, and Gary Wagner's claim against Defendant is **DISMISSED with prejudice**.

A separate Order of Dismissal accompanies this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order and the accompanying Order of Dismissal via regular mail and UPS to Plaintiff Diamond Shoppe Jewelers, LLC, 7127 Mexico Road, St. Peters, Missouri 63376.

Dated this 16th day of September, 2019.

RONNIE L. WHITE
**UNITED STATES DISTRICT JUDGE**